IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDUL AHMAD, | ) | |
| | ) | |
| *Petitioner*, | ) | Case No. 1:05-CV-01492-RCL |
| | ) | |
| | ) | |
| v. | ) | Judge LAMBERTH |
| | ) | |
| | ) | |
| GEORGE W. BUSH, *et al.*, | ) | |
| | ) | |
| *Respondents.* | ) | |

**PETITIONER'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

PLEASE TAKE NOTICE that on such date as the Court shall determine, Petitioners, by and through undersigned counsel, shall move for the entry of the Amended Protective Order as set forth in the accompanying Memorandum in Support of Petitioners' Motion.[1]

Dated: June 30, 2006

                                            Respectfully submitted:

                                            Counsel for Petitioner:

                                            */s/ Alan J. Pfeuffer*
                                            Alan J. Pfeuffer (Ohio - #0071974)
                                            Assistant Federal Public Defender

---

[1] This motion is properly referred to Magistrate Judge Alan Kay for consideration pursuant to the Order of the Calendar and Case Management Committee, Kessler, J., Chair (hereinafter "Kessler Order"), referring "all Motions pertaining to interpretation or construction of any protective order which has been entered in any of the [Guantanamo Bay *habeas*] cases" for resolution pursuant to LCvR 72.2(a), as well as "all disputes pertaining to logistical issues, such as communications with or visits to clients and counsel." Kessler Order, Nov. 2, 2005.

Federal Public Defender's Office
10 West Broad Street, Suite # 1020
Columbus, OH 43215
Office: (614) 469-2999
Fax: (614) 469-5999
Alan_Pfeuffer@fd.org

## PETITIONER'S MEMORANDUM IN SUPPORT OF MOTION FOR
## ENTRY OF PROTECTIVE ORDER

Petitioner Abdul Ahmad, through undersigned counsel, respectfully requests that the Court enter the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, ("Amended Protective Order")[2] first issued on November 10, 2004 in the *In re Guantanamo Bay Detainee Cases* by then Coordinating Judge Joyce Hens Green and since entered in related habeas proceedings before this Court and the Courts of this District. Moreover, there is ample precedent for entry of the standard Protective Order by judges of this Court since the enactment of the DTA.[3]

The government conditions Petitioner's right to access to existing *pro bono* and assigned counsel, as affirmed in *Al Odah, et al. v. Bush, et al,* 346 F.Supp.2d (D.D.C. 2004), upon entry of the Amended Protective Order, and undersigned counsel are prohibited from meeting with Petitioners until the Amended Protective Order is entered. In the absence of an order by this Court, counsel are prohibited from sending or receiving legal mail from Petitioners and are therefore unable to initiate, let alone establish, a functioning attorney-client relationship. Entry of the Amended Protective Order would afford the undersigned counsel the opportunities provided counsel in other

---

[2]The Amended Protective Order includes the following orders entered in *In re Guantanamo Detainee Cases:* Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 (D.D.C. 2004)); Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2005; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004. *See* Exhibits 1-3.

[3]*See e.g., Faizullah v. Bush*, 05-cv-01489 (D.D.C. April 21, 2006); *Sohail v. Bush,* 05-cv-00993 (D.D.C. April 21, 2006); *Al Salami v. Bush,* 05-cv-2452 (D.D.C. Apr. 14, 2006); *Zadran v. Bush,* 05-cv-2367 (D.D.C. Apr. 12, 2006); *Alsaaei v. Bush,* 05-cv-2369 (D.D.C. Apr. 12, 2006); *Said v. Bush,* 05-cv-2384 (D.D.C. Apr. 12, 2006); *Al Shareef v. Bush,* 05-cv-2458 (D.D.C. Apr. 12, 2006); *Awad v. Bush*, 05-cv-2379 (D.D.C. Apr. 11, 2006); *Thabid v. Bush,* 05-cv-2398 (D.D.C. Mar. 21, 2006); *Razakah v. Bush,* 05-cv-2370 (D.D.C. Mar. 17, 2006); *Labed Ahmed v. Bush,* 05-cv-1234 (D.D.C. Mar. 2, 2006); *Wahab v. Bush,* 05-cv-886 (D.D.C. Jan. 10 2006); *Mohammed v. Bush,* 05-cv-879 (D.D.C. Jan. 9, 2006); *Bostan v. Bush,* 05-cv-883 (D.D.C. Jan. 9, 2006); *Khalid-Gul v. Bush,* 05-cv-877 (D.D.C. Jan. 6, 2006).

pending Guantanamo Bay detainee cases to visit petitioners at Guantanamo Bay and to send them privileged attorney-client mail by way of the legal mail procedures outlined in the Amended Protective Order.

Pursuant to Local Civil Rule 7(m), the undersigned counsel for petitioners conferred with respondents' counsel regarding the relief sought in this motion. Respondents' counsel oppose the motion. A proposed Protective Order is attached as Exhibit 4. Although Petitioners are moving for entry of the Amended Protective Order, they reserve the right to challenge or seek modification of any particular terms of the Protective Order in the future, and to ask this Court to review any designation made by respondents of particular information as "protected," as may be appropriate.

## BACKGROUND

On June 22, 2005, Petitioner Abdul Ahmad, a citizen of Afghanistan detained at the United States Naval Base in Guantanamo Bay, filed a petition for writ of habeas corpus with the district court. Shortly after being appointed by this Court to represent Mr. Ahmad, counsel filed a motion seeking to amend Petitioner's original petition.

Counsel for Petitioner has sought and received the necessary security clearance to meet with Mr. Ahmad. Undersigned counsel has also attempted to send privileged correspondence to Mr. Ahmad, but has been informed by the Respondents' counsel that the Protective Order must be entered in order to process mail through the privileged mail system created for habeas counsel. Respondents' counsel has further advised that the Protective Order must be entered before a meeting with Mr. Ahmad at Guantanamo Bay can be scheduled, but has refused to consent to the entry of the Protective Order in this case. Thus, Respondents have effectively precluded all communication between Mr. Ahmad and counsel.

# ARGUMENT

## I.  Respondents Should Not Be Permitted to Impede Petitioners' Access to Counsel.

Petitioner seeks entry of the Protective Order to gain access to counsel. Without the entry of Protective Order, Respondents' policies prohibit undersigned counsel from meeting with Mr. Ahmad and sending privileged correspondence to him. In short, Respondents' refusal to consent to the entry of the Protective Order results in a total frustration of the attorney-client relationship. Such an outcome is especially indefensible in light of the following undisputed facts:

- Undersigned counsel has attempted to communicate with Mr. Ahmad by sending him privileged mail but is unable to do so without entry of the Protective Order;

- Undersigned counsel has received the security clearance required to meet with Mr. Ahmad at Guantanamo Bay;

- Undersigned counsel has signed the Memorandum of Understanding Regarding Access to Classified National Security Information; and

- Undersigned counsel is ready and willing to travel to Guantanamo Bay promptly after entry of the Protective Order.

The relief Petitioners seek is forthright and modest in scope. Indeed, access to counsel has been granted to many other detainees at Guantanamo Bay in whose cases the Protective Order was entered with the consent of Respondents. Respondents would suffer no prejudice if the Protective Order was entered in this case.

## II.  The Detainee Treatment Act of 2005 Is Not Implicated.

Although Respondents' opposition is based on the Detainee Treatment Act of 2005 (the "DTA"), the entry of the Protective Order would not impact or in any way comment on the substantive legal issues raised by the Guantanamo habeas petitions and the DTA. In addition, this Court has made clear that "[t]he question of when, and under what circumstances the existing Protective Order permits [Petitioner] to meet with his lawyer[s] has no bearing on the question of

which Court has jurisdiction to review the merits of Petitioner's challenge to his detention." *Adem v. Bush*, 2006 WL 751309 (D.D.C. March 21, 2006). The Protective Order is not substantive, but rather sets forth certain procedures for handling confidential information. As clearly explained in the Protective Order:

> [t]he purpose of the Protective Order is to establish the procedures that must be followed by all petitioners' counsel, their respective petitioner(s), all other counsel involved in these cases, translators for the parties, and all other individuals who receive access to classified national security information or documents, or other protected information or documents, in connection with these cases, including the privilege team as defined in Exhibit A.

(Exhibit 1 at ¶ 2). The Protective Order also provides the procedures for filing documents under seal through the court security officer and the public filing of documents in the electronic court filing system, as well as the designation of "protected" information.

In light of the limited procedural nature of the Protective Order and the fact that Petitioner Ahmad seeks no substantive relief at this time, there is no justifiable reason to delay entry of the Protective Order. Although such entry would not adversely affect Respondents, any further delay would seriously prejudice Petitioners by directly impeding Mr. Ahmad's access to counsel.

Further, counsel submitted an application for security clearance prior to the DTA. Counsel's security clearance was pending at the time the DTA was promulgated. As such, counsel could not move for entry of the Protective Order prior to the DTA without the requisite security clearance. The instant case is positioned such that if it were not for the window of time necessary to process security clearance, Respondents would have taken a different position with regard to the Court's authority to enter protective orders affording the petitioner access to counsel. Moreover, Respondents "willingness to consent to the entry of the protective orders in similar cases even after the DTA came into effect on December 30, 2005, undermines their contention that the Court cannot

or ought not enter an order affording the petitioners access to their attorneys." *Mohammon v. Bush*, Civ. No. 05-891 (June 27, 2006) (order granting motion for entry of protective order).

**III.  Exigency at Guantanamo Bay Warrants Immediate Entry of Protective Order**

The situation at Guantanamo is growing increasingly desperate.  The suicides of three detainees less than one month ago have been widely reported.  Andrew Selsky & Jennifer Loven, U.S.: *Gitmo Inmates Hanged Themselves*, Associated Press, June 10, 2006, http://news.yahoo.com/s/ap/20060611/ap_on_go_ca_st_pe/guantanamo_suicides.  Hunger strikes at Guantanamo have been widespread, involving as many as 131 detainees at one time. *Id*.  Under these circumstances, it is urgent that this Court enter the Protective Order to allow counsel to communicate with Petitioner.  Further, unnecessary delay in granting counsel access to Petitioner will only serve to further damage any hope at establishing a positive attorney-client relationship, one year after Petitioner filed his original petition for writ of habeas corpus.

## CONCLUSION

For the reasons set forth above, the Court should enter the Protective Order.

Dated:  June 30, 2006

Respectfully submitted,

Counsel for Petitioner:

*/s/ Alan J. Pfeuffer*
Alan J. Pfeuffer
Assistant Federal Public Defender
Federal Public Defender's Office
10 West Broad Street, Suite #1020
Columbus, OH 43215
Office: (614) 469-2999
Fax:  (614) 469-5999
Alan_Pfeuffer@fd.org

## CERTIFICATE OF SERVICE

I, Alan J. Pfeuffer, certify that I today caused a true and accurate copy of the foregoing to be served upon the following persons through service that automatically occurs by virtue of my electronic filing of this document:

>United States Department of Justice
>Terry Henry, Esq., Senior Trial Attorney
>Preeya M. Noronha, Esq.

I hereby certify that a true and accurate copy of the Motion for Entry of Protective Order was served by ordinary U.S. mail, postage prepaid upon Andrew I. Warden, U.S. Department of Justice, Civil Division, Federal Programs Branch, 20 Massachusetts Ave., NW, Room 7144, Washington, DC 20530 this 30th day of June, 2006.

>*/s/ Alan J. Pfeuffer*
>Alan J. Pfeuffer
>Assistant Federal Public Defender