IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHSANULLAH PIRZAI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-1242 (RCL) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.,* ) | |
| ) | |
| Respondents. ) | |

| | |
|---|---|
| ABDUL AHMAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-CV-1492 (RCL) |
| ) | |
| GEORGE W. BUSH, ) | |
| President of the United States, ) | |
| *et al.,* ) | |
| ) | |
| Respondents. ) | |

## RESPONDENTS' MEMORANDUM IN OPPOSITION TO PETITIONERS' MOTIONS FOR ENTRY OF PROTECTIVE ORDER

Respondents hereby oppose petitioners' motions for entry of the protective order in the above-captioned cases. Petitioners in these cases, both represented by the same counsel, have filed virtually identical motions for entry of the protective order and memoranda in support

thereof.[1]  In the interest of efficiency, respondents oppose the motions in this consolidated

fashion, and for the reasons set forth below.

## **ARGUMENT**

Petitioners' motions should be denied in their entirety because petitioners have failed to

provide a sufficient factual or legal basis to justify departure from the stays in these cases for

purposes of the requested relief; indeed, petitioners' counsel fails even to acknowledge the

existence of the stays in these filings.[2]  See Order on Motion to Stay, Pirzai v. Bush, et al., No.

05-CV-1242 (RCL) (dkt. no. 4), Ahmad v. Bush, et al., 05-CV-1492 (RCL) (dkt. no. 3).

Petitioners' motions also should be denied because the Detainee Treatment Act of 2005,

Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), vests exclusive jurisdiction over these

actions in the D.C. Circuit.  The Act, among other things, amends 28 U.S.C. § 2241 to eliminate

court jurisdiction to consider habeas petitions and other claims by aliens held as enemy

combatants at Guantanamo Bay, id., § 1005(e)(1), and creates an exclusive review mechanism in

the D.C. Circuit to address the validity of the detention of such aliens and final decisions of any

military commissions, id., § 1005(e)(1), (e)(2), (e)(3).  Section 1005(e)(2) of the Act states that

the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision

of a Combatant Status Review Tribunal that an alien is properly detained as an enemy

---

[1] See Petitioner's Motion for Entry of Protective Order and Petitioner's Memorandum in Support of Motion for Entry of Protective Order, Pirzai v. Bush, et al., No. 05-CV-1242 (RCL) (dkt. no. 11), Ahmad v. Bush, et al., 05-CV-1492 (RCL) (dkt. no. 10).  The oppositions are nearly identical so respondents will refer to both as "Petr. Mot."

[2] In addition, while the stay allows for filings requesting "emergency relief," and petitioners' counsel claims that "exigency at Guantanamo Bay warrants immediate entry of the protective order," petitioners' counsel presents no evidence, and in fact makes no argument, that petitioners directly face any type of emergency.  Petr. Mot. at 7.

combatant," and it further specifies the scope and intensiveness of that review.  While the

Supreme Court in Hamdan v. Rumsfeld, 548 U.S. —, slip op. (U.S. June 29, 2006), held that

§ 1005(e)(1) of the Detainee Treatment Act did not apply to habeas petitions pending prior to the

enactment of the Act, it recognized that the exclusive review provisions of the Act did expressly

apply to cases pending prior to enactment.  Although the petitioner in Hamdan escaped the Act

because his challenge did not involve a final decision of a military commission within the

exclusive jurisdiction of the Court of Appeals under § 1005(e)(3), the Court reserved the

question of the effect of the exclusive review provisions of the Act on other cases, stating that

"[t]here may be habeas cases that were pending in the lower courts at the time the DTA was

enacted that do qualify as challenges to 'final decision[s]' within the meaning of subsection

(e)(2) or (e)(3).  We express no view about whether the DTA would require transfer of such an

action to the District of Columbia Circuit."  Hamdan, slip op. at 18, n.14.

    The above-captioned cases are such cases, i.e., challenging petitioners' designation as

enemy combatants through the Combatant Status Review Tribunal, and given the Act's

investment of exclusive review in the Court of Appeals, the District Court lacks jurisdiction over

these cases for it is well-settled that an exclusive-review scheme, where applicable, precludes the

exercise of jurisdiction under more general grants of jurisdiction, including habeas corpus.  Cf.,

e.g., 5 U.S.C. § 703 ("form of proceeding for judicial review is the special statutory review

proceeding relevant to the subject matter in a court specified by statute or, in the absence or

inadequacy thereof, any applicable form of legal action, including actions for . . . writs of . . .

habeas corpus"); Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive

jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); FCC v. ITT

World Communications, Inc., 466 U.S. 463, 468 (1984) (Hobbs Act) ("The appropriate procedure for obtaining judicial review of the agency's disposition of these issues was appeal to the Court of Appeals as provided by statute."); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); Lopez v. Heinauer, 332 F.3d 507, 511 (8th Cir. 2003) ("Because judicial review was available . . . the district court was not authorized to hear this § 2241 habeas petition.").  See also Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 77 (D.C. Cir. 1984) ("even where Congress has not expressly stated that statutory jurisdiction is 'exclusive' . . . a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute") (footnote omitted); id. at 75, 78-79 (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).

Entry of the protective order would be an assertion of jurisdiction and authority in these cases inconsistent with the Act's investment of exclusive jurisdiction in the Court of Appeals, and respondents' argument in this regard is in no way immaterial or premature.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit (Boumediene v. Bush, No. 05-5062, and Al Odah v.

United States, No. 05-5064),[3] and respondents have recently requested that the Court of Appeals permit additional briefing on the effect of the Hamdan decision on this issue.[4] Accordingly, petitioners' motions for entry of the protective order should be denied.[5]

Further, petitioners' motions for entry of the protective order cannot legitimately be grounded in any authority of the Court under Judge Kollar-Kotelly's decision in Al Odah v United States, 346 F. Supp. 2d 1 (D.D.C. 2004). The basis of the Al Odah decision rested not on any absolute right to counsel, but on a court's discretionary, statutory authority in habeas cases to appoint counsel to represent Guantanamo petitioners properly before the Court, if warranted. See id. at 4-5, 7-8 (citing 18 U.S.C. § 3006A). That authority under the habeas statute is no longer applicable given the investment of exclusive jurisdiction over these actions in the Court of Appeals.

## CONCLUSION

For these reasons, petitioners' motions for entry of the protective order should be denied.

---

[3] Oral argument before the D.C. Circuit was held on March 22, 2006.

[4] Petitioners in the cases involved in the appeals have opposed respondents' request for supplemental briefing.

[5] Petitioners assert that respondents' consent to entry of the protective order in other cases, given prior to the enactment of the Detainee Treatment Act, justifies the assertion of jurisdiction by the Court to enter the protective order in these cases. See Petr. Mot. at 6-7. Once the Act's withdrawal of the Court's jurisdiction became effective, however, respondents have consistently opposed entry of the protective order in cases where it had not already been entered. In any event, respondents' actions in other Guantanamo habeas cases cannot be construed as a waiver or concession of jurisdiction that permits the Court to enter the order in these cases. See Floyd v. District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997) (noting that "jurisdiction cannot be waived").

Dated: July 14, 2006                    Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        DOUGLAS N. LETTER
                                        Terrorism Litigation Counsel

                                        _____/s/ Nicholas J. Patterson_____
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        TERRY M. HENRY
                                        JAMES J. SCHWARTZ
                                        PREEYA M. NORONHA
                                        ROBERT J. KATERBERG
                                        NICHOLAS J. PATTERSON
                                        ANDREW I. WARDEN
                                        EDWARD H. WHITE
                                        MARC A. PEREZ
                                        Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Ave., N.W.
                                        Washington, DC  20530
                                        Tel:  (202) 514-4107
                                        Fax:  (202) 616-8470

                                        Attorneys for Respondents